IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SIMMONS | : | CIVIL ACTION |
| a/k/a MARK THOMAS | : | |
| | : | No. 16-3773 |
| v. | : | |
| | : | |
| MARK GARMAN, et al. | | |

## ORDER

AND NOW, this 20th day of December, 2016, upon careful and independent consideration of Petitioner John Simmons's pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice and Simmons's objections thereto, it is ORDERED:

1. Simmons's objections (Document 8) are OVERRULED[1];

---

[1] In his habeas petition, Simmons raises two claims: (1) the Commonwealth misrepresented the existence of certain witnesses in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (2) trial counsel was ineffective for misstating the immigration consequences of his guilty plea. He also asserts his petition is timely based on *United States v. Chan*, 792 F.3d 1151 (9th Cir. 2015). On November 15, 2016, Judge Rice issued a Report and Recommendation, recommending Simmons's petition be dismissed as untimely. Simmons filed objections to the Report and Recommendation, arguing Judge Rice erred by characterizing his petition as a § 2254 petition without affording him proper notice and by finding his petition untimely. After independent consideration of Simmons's arguments, the Court agrees with Judge Rice's conclusion, but will address Simmons's objections.

Simmons contends Judge Rice erred by characterizing his petition—which Simmons asserts seeks relief pursuant to § 2255—as a § 2254 petition, without first apprising him of the consequences of that conversion, as required under *United States v. Miller*, 197 F.3d 652 (3d Cir. 1999) and *Mason v. Myers*, 208 F.3d 414, 418-19 (3d Cir. 2000). However, *Miller* and *Mason* are inapplicable, as those cases held that, because of the Antiterrorism and Effective Death Penalty Act's restrictions on the filing of second or successive § 2254 and § 2255 petitions, district courts must "provide certain prophylactic 'notice' measures before . . . re-characterizing a post-conviction motion." *Mason*, 208 F.3d at 418. Here, Simmons originally filed for relief under § 2255, which is available only to individuals in federal custody. The Court therefore instructed the Clerk of Court to provide to Simmons a standard form for relief under § 2254, which he completed and returned. Thus, the Court did not recharacterize Simmons's petition, but merely instructed him to file the proper petition, which he did.

2. The Report and Recommendation (Document 6) is APPROVED and ADOPTED;

3. Simmons's Petition for a Writ of Habeas Corpus (Document 3) is DENIED with prejudice;

4. There is no probable cause to issue a certificate of appealability; and

5. The Clerk of Court shall mark this case CLOSED.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

Simmons further requests that the Court construe his petition as a § 2241 petition because his "case presents exceptional circumstances." Pet'r's Objs. 7. However, like relief under § 2255, relief under § 2241 is available only to federal prisoners. *See* 28 U.S.C. § 2241(c); *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010) (noting § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence" (internal quotation marks and citation omitted)).

Simmons also reasserts his argument that his petition is timely under *Chan*. However, as noted by Judge Rice, *Chan* does not render Simmons's petition timely, as it was decided by the Ninth Circuit Court, not the United States Supreme Court. *See* 28 § 2244(d)(1)(C) (allowing a court to apply an alternative start date in calculating AEDPA's one-year limitations period if a petitioner establishes the asserted constitutional "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

The Court adopts the Report and Recommendation in full, and Simmons's petition is therefore dismissed as untimely.